UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNETH J. MIDILE, an
individual,

           Plaintiff,

    v.

GENERAL MOTORS LLC, a
Delaware limited liability
company, and DOES 1-10,
inclusive,

           Defendants.

No.   2:25-cv-03480-JAM-CKD

**ORDER DENYING PLAINTIFF'S
MOTION TO REMAND**

This matter is before the Court on Plaintiff Kenneth Midile's motion to remand. ECF No. 12, Plaintiff's Memorandum of Points and Authorities ("Mot."). Defendant Ford Motor Company filed an opposition (ECF No. 13 ("Opp'n")); Plaintiff filed an untimely reply, which also failed to comply with this Court's previous order regarding filing requirements and page limits. See ECF Nos. 3-2 and 15, Plaintiff's Reply in Support of Motion to Remand ("Reply"). For the reasons detailed below, Plaintiff's motion is denied.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g); see also ECF No. 16.

1

I.    BACKGROUND

In 2025, Plaintiff initiated a lawsuit in Solano County Superior Court, arising out of his 2019 purchase of a Chevrolet Silverado 2500 (the "Subject Vehicle"), which he claims is defective.  See generally Mot. at 1-2; Opp'n at 2.  Defendant then removed the matter to this Court, based on 28 U.S.C. §§ 1332, 1441, and 1446, alleging the parties were diverse and the amount in controversy exceeded $75,000.  ECF 1. Specifically, Defendant alleged the Plaintiff is a California citizen and Defendant is incorporated in Delaware, with its principal place of business in Michigan.  Id.  Defendant also averred the removal was timely, because it was made within 30 days of a determination that the amount in controversy exceeded $75,000.  Id.

At the outset of this case, the Court issued an Order regarding filing requirements.  See ECF No. 3-2 (filed Dec. 2, 2025).  Reply briefs are limited to 5 pages, and the parties were cautioned a violation "will result in monetary sanctions being imposed against counsel in the amount of $50.00 per page and the Court will not consider any arguments made past the page limit." Id.  Local Rule 230 governs the timing requirements for civil motions, in accordance with Federal Rule of Civil Procedure 78. See E.D. Cal. L.R. 230(b)-(d).  Defendant's opposition was filed on February 12, 2026, and under Local Rule 230(d), Plaintiff's reply was due no later than February 24, 2026.  Plaintiff's reply brief, however, was filed March 10, 14 days past the deadline and was 8 pages long.  See Dkt.  While the Court has not disregarded the extra pages of the reply, it will issue sanctions for the

2

late filing and the excessive length, in the amount of $850: $50 per page over the page limit ($150) plus $50 per day the filing was late ($700).  Plaintiff's counsel shall pay $850 to the Clerk of the Court no later than June 12, 2026.

## II.   OPINION

### A.   Legal Standard

Federal district courts have subject matter jurisdiction over civil actions between parties with diverse citizenship where "the amount in controversy exceeds the sum of or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332(a).  Such an action may be removed to federal court under 28 U.S.C. § 1441(a).  It is well-established that "[r]emoval statutes are strictly construed, and any doubt about the right of removal requires resolution in favor of remand.  This rule of narrow construction both recognizes the limited jurisdiction of federal courts and protect[s] the jurisdiction of state courts." Casola v. Dexcom, Inc., 98 F.4th 947, 954 (9th Cir. 2024) (citing and quoting Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) and Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005)) (internal citations and quotations removed).

"The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Casola, 98 F.3d at 954 (quoting Moore-Thomas, 553 F.3d at 1244) (quotations removed).  Indeed, when removal is challenged based on whether the amount in controversy exceeds $75,000, "'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy

3

exceeds' the jurisdictional threshold," unless it is clear from the face of the state court complaint.  Urbino v. Orkin Services of California, Inc., 726 F.3d 1118, 1121-22 (9th Cir. 2013) (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).  The Ninth Circuit defines the "amount in controversy as the amount at stake in the underlying litigation, [that is,] any result of the litigation, excluding interests and costs, that entails a payment by the defendant.  This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016) (citing and quoting Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005) and Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007) (internal quotations, citations, and brackets removed)).

In assessing whether the defendant has met its burden, a court "may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (citing Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)).

B.    Analysis

Plaintiff only contests jurisdiction by claiming Defendant did not establish the amount in controversy exceeds $75,000. See generally Mot.  Plaintiff does not dispute this matter was timely removed, nor does he dispute complete diversity.  See Opp'n at 2; Reply.

The parties agree it is not apparent from face of complaint that the amount in controversy exceeds $75,000 (see Mot. at 5 and Opp'n at 1-2); accordingly, Defendant bears the burden of establishing by a preponderance that the amount in controversy exceeds $75,000.  See Urbino, 726 F.3d 1118.  Only Defendant has presented evidence for the Court to consider in determining the amount in controversy here.  See Mot.; Opp'n; Reply.

### 1.    Actual Damages

In his complaint, Plaintiff seeks "all damages permitted by law," including "actual damages," restitution, "a civil penalty in the amount of two times Plaintiff's actual damages," "consequential and incidental damages," costs, expenses, and attorneys' fees, plus "prejudgment interest at the legal rate," and any "other equitable or legal relief [] the Court may deem proper."  ECF No. 1-1, Exh. A ("Compl.") ¶¶ 44 and pg. 8.

Defendant provided the Retail Installment Sales Contract ("RISC") for the Subject Vehicle.  See Opp'n, Exh. A.  Defendant also provided a declaration; this evidence demonstrates the purchase price of the subject vehicle was $72,328.64.  Id.; see also Opp'n at 3.  In conjunction with this evidence, Defendant offers a detailed analysis of a proposed mileage offset, plus a rebate offset, resulting in a more favorable calculation of actual damages for the Plaintiff.  See Opp'n at 2-3.  Since the first repair identified as potentially relevant in this case occurred at approximately 3,057 miles, according to the Defendant's calculated Song-Beverly offset, this mileage, divided by 120,000 and multiplied by the purchase price, subtracted from the Subject Vehicle cost, results in a total of

$66,125.55 in actual damages.  Id.

Plaintiff claims these numbers are "unreliable," "fatally speculative," and "not supported by facts or evidence . . . ." Reply at 1-2.  The Court disagrees.  Plaintiff has not provided any evidence for the Court to consider, no alternative proposal for actual damages, nor any reason to question the evidence or calculation provided by Defendant.  Indeed, the evidence and calculations before the Court are uncontroverted.  Accord Carrington Stonemasons, Inc. v. Ford Motor Company, No. 24-cv-00080, 2024 WL 1745038 at *3 (N.D. Cal Apr. 22, 2024) ("Because [Plaintiff] has not filed a reply, [Defendant]'s calculation of the use offset and actual damages is undisputed.").

Although Plaintiff relies on a number of cases to support his argument that Defendant failed to meet its evidentiary burden here, they are distinguishable.  See Mot. at 5-12.  For example, in Steeg, the defendant simply relied on the allegations in the complaint and the vehicle's MSRP (manufacturer's suggested retail price).  Steeg v. Ford Motor Company, No. 19-cv-05833, 2020 WL 2121508 (N.D. Cal. May 5, 2020).  The defendant did not present other evidence, including the actual sales price, and the court found defendant failed to demonstrate that the amount in controversy exceeded $75,000. Id.  Similarly, defendants in Schneider relied on the claimed damages in the plaintiffs' complaints of at least $25,000, argued this number would be doubled if civil penalties were included, and made general claims about attorneys' fees.  See Schneider v. Ford Motor Co., 441 F. Supp. 3d 909 (N.D. Cal. Mar. 2, 2020).  There, the court granted plaintiffs' motion to remand

6

because defendants failed to meet their burden.  Id.  Unlike these cases, and the many others cited by Plaintiff, Defendant presented evidence of the actual damages at issue here, supported by the RISC and repair history; Defendant did not simply rely on the allegations in Plaintiff's complaint and make vague claims about possible damages like Plaintiff claims.  Cf. Echemendia v. Subaru of America, Inc., No. 20-cv-09243, 2020 WL 7311348 (C.D. Cal. Dec. 11, 2020) (defendant provided sales contract, but no other evidence or analysis to "allow the Court to reliably estimate actual damages"); Chajon v. Ford Motor Company, No. 2:18-cv-10533, 2019 WL 994019 (C.D. Cal., Jan. 8, 2019) (defendant failed to meet its burden establishing requisite amount in controversy because it relied on MSRP, did not provide other evidence or an offset calculation, and speculated about penalties and attorneys' fees).  Defendant has demonstrated by a preponderance that the actual damages are at least $66,125.55.  Accordingly, the Court turns to the parties' arguments regarding penalties.

### 2.   Civil Penalties

Plaintiffs seek a statutory civil penalty of twice Plaintiff's actual damages under the Song-Beverly Act, prejudgment interest, costs, and attorneys' fees.  See Compl. at ¶¶ 44 and pg. 8.  The parties disagree about the appropriate way to include and calculate civil penalties here, citing a number of cases supporting their respective positions.  See Mot. at 9-12; Opp'n at 6-7.  Plaintiff argues Defendant's assumption that Plaintiff will recover the penalty authorized by the Song-Beverly act is unsupported; since Defendant has failed to meet

its burden, which Plaintiff claims requires proof a willful violation of the Song-Beverly Act, civil penalties should not be included in the amount in controversy calculation.  Mot. at 9-12.  Plaintiffs rely on a number of cases that include underlying complaints requesting civil penalties "up to twice the amount of [] actual damages," which are unlike Plaintiff's complaint that seeks "a civil penalty in the amount of two times Plaintiff's actual damages . . . ."  Compare, e.g., Echemendia, 2020 WL 7311348 (C.D. Cal. Dec. 11, 2020) ("Plaintiff's sole allegation remotely inferring willfulness is that Subaru misrepresented it would cure the Vehicle's defects") with Compl. ¶¶ 17 and 24 (containing descriptions of Defendant's "willful" failure to comply with the Song-Beverly Act).  The Court is persuaded by the Carrington and Verastegui cases, which support the inclusion of a civil penalty doubling the actual damages in the amount in controversy calculation; these cases are more analogous to the claims in Plaintiff's complaint and the evidence before this Court than any cited by the Plaintiffs. See Carrington, 2024 WL 1745038 at *3-4 (relying on Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996) and Chavez v. JPMorgan Chase & Co., 888 F.3d 413 (9th Cir. 2018) to support the application of the civil penalty in determining the amount in controversy); Verastegui v. Ford Motor Co., No. 19-cv-04806, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020) (recognizing "courts in this district have varying views as to whether the maximum civil penalties should be considered when deciding the amount in controversy," but finding the penalty doubling the actual damages applied because "it is what

Plaintiff put in controversy."). Using the underlying actual damages calculation most favorable to Plaintiffs, $66,125.55, the inclusion of the civil penalty Plaintiff claims he is entitled to brings the amount in controversy to more than $132,000. This number well exceeds the requisite jurisdictional threshold, without considering attorneys' fees or other damages requested by Plaintiff. Based on the evidence before the Court, Defendant has met its burden establishing by a preponderance the amount in controversy exceeds $75,000.

III.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand. Plaintiff's counsel shall pay sanctions in the amount of $850 to the Clerk of the Court no later than June 12, 2026.

IT IS SO ORDERED.

Dated: May 22, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

9